UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at CHATTANOOGA

HERSCHEL WALKER, III, )
)
        Petitioner, )
) No. 1:03-CV-289/1:02-CR-12
v. )
) Judge Curtis L. Collier
UNITED STATES OF AMERICA, )
)
        Respondent. )

**M E M O R A N D U M**

This matter comes before the Court on the motion of *pro se* petitioner Herschel Walker, III ("Petitioner") to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 (Court File No. 1). Petitioner filed a brief in support of his motion (Court File No. 2) and an amendment to his motion (Court File No. 3). Pursuant to the Court's Order (Court File No. 4), the Government filed a response to Petitioner's motion (Court File No. 7). After careful consideration of the motion and briefs and for the reasons discussed below, the Court will **DENY** Petitioner's motion to vacate, set aside, or correct his sentence.[1]

**I.    FACTUAL AND PROCEDURAL BACKGROUND**

On January 24, 2002 Petitioner was indicted on five counts related to illegal drug activity

---

[1] In accordance with Rule 4(b) of the Rules Governing Section 2255 Proceedings, the Court has considered all of the pleadings and filings in petitioner's § 2255 motion filed herein, which will be cited by the Court File Number assigned to the particular pleading or motion (*e.g.*, "Court File No. 1"), and all the files, records, transcripts, and correspondence relating to Petitioner's conviction in Criminal Docket No. 1:02-CR-12, which will be referred to by the Court File Number assigned to the particular matter in the underlying criminal case (*e.g.*, "Crim. Court File No. 1").

and illegal possession of a firearm (Crim. Court File No. 7; Presentence Investigation Report ("PSR") at ¶ 1). The same day Petitioner appeared before Magistrate Judge William B. Carter with his counsel, Rita LaLumia ("LaLumia"), and entered a not guilty plea to all counts of the indictment (Crim. Court File No. 8). On February 26, 2002 a superseding indictment was filed against Petitioner charging Petitioner with the same violations as the original indictment and alleging certain property was subject to forfeiture (Crim. Court File No. 13; PSR at ¶ 1).

On March 21, 2002 the Government filed a factual basis which provides in part as follows:

...

On December 12, 2001, James Timothy Foster...informed authorities that he had previously obtained quantities of crack cocaine from [Petitioner], who he described as a large distributor of the drug.

On January 2, 2002, Foster contacted [Petitioner] at the direction of [Hamilton County Sheriff's Department] officers and made a controlled purchase of approximately three ounces of crack cocaine for $2700. Foster attempted to purchase a larger amount of crack but [Petitioner] informed him that three ounces was all he had cooked up at the moment. [Petitioner] told Foster to return later in the day to purchase an additional amount of crack. The recorded transaction occurred at [Petitioner's] residence.... This transaction forms the basis for the offense charged in Count 1.

Based on the sale, [Hamilton County Sheriff's Department] officers executed an anticipatory search warrant at [Petitioner's] residence. The officers seized an additional 15 grams of crack cocaine. The possession of this crack cocaine is charged in Count 2. ...Officers also recovered approximately 793.4 grams of cocaine powder. ...The possession of this cocaine is charged in Count 3. The buy money and digital scales were found in the kitchen area. Baking soda and a spoon were also found in the kitchen. A six shot .22 caliber revolver (S/N 0068743) loaded with five rounds of ammunition was recovered from the night stand next to [Petitioner's] bed. ...The possession of the gun is charged in Count 4 as a Section 924(c) violation and as a 922(g) violation in Count 5.

...

(Crim. Court File No. 16).[2]

While awaiting trial, Petitioner alleges he told LaLumia to file a motion to suppress the evidence obtained from his residence (Court File No. 2, pp. 5-6, 8, 12).[3] LaLumia did not file a motion to suppress. On March 21, 2002 the Government filed a notice of intent to use prior convictions pursuant to 21 U.S.C. § 851 because Petitioner had four prior felony drug convictions (Crim. Court File No. 17). The same day Petitioner pleaded guilty to distributing fifty grams or more of cocaine base in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A) (Count One); possessing with the intent to distribute five grams of cocaine base in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B) (Count Two); possessing with intent to distribute five hundred grams or more of a mixture and substance containing cocaine hydrochloride in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B) (Count Three); possessing a firearm in furtherance of the drug trafficking offenses in counts One, Two, and Three of the superseding indictment in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 924(c) (Count Four); and possessing a firearm in violation of 18 U.S.C. § 922(g) (Count Five) (Crim. Court File Nos. 13, 18).

From the time Petitioner was arrested until the day after Petitioner pleaded guilty he was in custody at the Hamilton County Jail (Court File No. 7, Affidavit of Rita LaLumia, p. 4; *see* Court File No. 2, p. 7). He was transferred to Silverdale Prison on March 22, 2002 (*Id.*). On March 22, 2002 Petitioner and James Foster had an altercation at Silverdale Prison (PSR at ¶ 31; Court File No. 7, Incident Report; Court File No. 2, p. 7). During the altercation, Mr. Foster threatened Petitioner

---

[2] Petitioner agreed that this quoted portion of the factual basis was "true and correct" (*See* Court File No. 35, March 21, 2002 Rearraignment Hearing Transcript, pp. 14-15).

[3] LaLumia states in her affidavit "Petitioner agreed not to litigate the legality of the search" (Court File No. 7, Affidavit of Rita LaLumia, p. 3).

3

and Petitioner's family (Court File No. 2, pp. 7, 33, 37).[4]  A few days later, Petitioner was transferred back to the Hamilton County Jail (Court File No. 7, Affidavit of Rita LaLumia, p. 4).

After Petitioner pleaded guilty a Presentence Investigation Report ("PSR") was prepared. Petitioner's base offense level was thirty-two under United States Sentencing Guidelines Manual ("U.S.S.G") § 2D1.1(c)(4) (PSR ¶ 20).  The offense level was increased two levels to thirty-four because of Petitioner's altercation with James Foster (PSR at ¶ 34).  Petitioner had an extensive criminal history (PSR at ¶¶ 49-61) and was considered a career offender under U.S.S.G. § 4B1.1 (PSR at ¶ 65).  Petitioner's criminal history category was VI (PSR at ¶ 65).  His Guideline range for imprisonment was 322-387 months (PSR at ¶ 89).[5]  However, because Petitioner had two prior felony convictions for drug trafficking he was subject to a mandatory life sentence pursuant to 21 U.S.C. § 841(b)(1)(A).

On August 16, 2002 Petitioner was sentenced to life imprisonment on Count One; 120 months each on Counts Two, Three, and Five, served concurrently; and sixty months on Count Four,

---

[4] Petitioner does not state in his brief the exact time of the altercation or threats. However, the record clearly demonstrates the altercation and threats happened on March 22, 2002. Attached to the Government's brief is an incident report from Silverdale Prison which states the physical altercation took place on March 22, 2002 (Court File No. 7, Incident Report). As for the threats, Petitioner states he "was beaten and knocked to the floor by the Confidential Source who *then* began kicking and verbally threatening [Petitioner]...." (Court File No. 2, p. 7 (emphasis added); *see also* Court File No. 2, p. 22; Court File No. 2, Exh. D, Affidavit of Herschel Walker, III). This suggests the threats took place simultaneously with the altercation. Petitioner never states or suggests in his brief any threats were made before the altercation. Further, the Government states in its brief the threats and altercation happened on March 22, 2002 (Court File No. 7, p. 7). Petitioner never filed a reply brief to dispute the Government's statement.

[5] The Guideline range for imprisonment would have been 262-327 months but a violation of 18 U.S.C. § 924(c)(1)(A) comes with a mandatory minimum of five years (PSR at ¶ 89).

served consecutively with all other counts (Crim. Court File No. 25). A final judgment was entered on September 5, 2002 (Crim. Court File No. 28). Petitioner filed a notice of appeal on August 22, 2002 (Crim. Court File No. 27). Petitioner's appellate counsel, Matthew Alden, filed a brief and a motion to withdraw pursuant to *Anders v. California*, 386 U.S. 738 (1967) with the United States Court of Appeals for the Sixth Circuit ("Sixth Circuit"). *United States v. Walker*, 76 Fed. Appx. 666, 667 (6th Cir. 2003). The Sixth Circuit granted Mr. Alden's motion to withdraw and affirmed this Court's judgment on September 22, 2003 (Crim. Court File No. 43).

Petitioner's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 was received by the Clerk on August 4, 2003 (Court File No. 1). The Petition was timely filed within the statutory one-year limitation period. 28 U.S.C. § 2255(1).[6]

Having reviewed the materials thus submitted, together with the complete record of the underlying criminal case, the Court finds they conclusively show Petitioner is not entitled to relief on the claims asserted. Accordingly, the Court will decide the matter without an evidentiary hearing, explaining its reasoning as it addresses each of Petitioner's asserted grounds for relief. *See*

---

[6]28 U.S.C. § 2255, provides, in part:

A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of –
(1) the date on which the judgment of conviction becomes final;
(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

5

*United States v. Todaro*, 982 F.2d 1025, 1028 (6th Cir.), *cert. denied*, 508 U.S. 943, 113 S. Ct. 2423, 124 L. Ed. 2d 644 (1993).

## II. DISCUSSION

Section 2255 of Title 28 of the United States Code permits a prisoner in custody under sentence of a federal court to move the court which imposed the sentence to vacate, correct, or set aside that sentence, on the grounds:

> the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack . . . .

28 U.S.C. § 2255. This Court has jurisdiction under 28 U.S.C. § 1331. Petitioner has the burden of establishing any claim asserted in the petition. *See Bowers v. Battles,* 568 F.2d 1 (6th Cir. 1977); *Mayes v. United States,* 93 F. Supp. 2d 882, 886 (E.D. Tenn. 2000).

Where a constitutional error is alleged, in order to obtain relief under § 2255 the record must reflect a constitutional error of such magnitude it had a substantial and injurious effect or influence on the proceedings. *See Brecht v. Abrahamson*, 507 U.S. 619, 637-38, 113 S. Ct. 1710, 1721-22, 123 L. Ed. 2d 353 (1993); *Watson v. United States*, 165 F.3d 486, 488 (6th Cir. 1999). "To prevail under 28 U.S.C. § 2255, a defendant must show a 'fundamental defect in the proceedings which necessarily results in a complete miscarriage of justice or an egregious error violative of due process.'" *Gail v. United States*, 21 F.3d 107, 109 (6th Cir. 1994) (citing *United States v. Ferguson*, 918 F.2d 627, 630 (6th Cir. 1990)).

Petitioner asserts he was denied ineffective assistance of counsel in violation of the United States Constitution because:

6

(1) Counsel failed to challenge the anticipatory search warrant (Court File No. 1, ground one);

(2) Counsel did not inform the Court or authorities Petitioner was physically attacked by the confidential informant while in custody (*Id.*, ground two; Court File No. 2, p. ii);

(3) Counsel did not inform the Court Petitioner and his family were threatened by the confidential informant (*Id.*);

(4) Counsel failed to inform the Court Petitioner was entering a guilty plea based upon being physically attacked, threatened, and in fear of the confidential informant (Court File No. 1, ground three; Court File No. 2, p. ii);

(5) Counsel instructed Petitioner not to tell the Court about the assault and threats by the confidential informant at the rearraignment and sentencing hearings (Court File No. 1, ground three; Court File No. 2, p. iii);

(6) Counsel failed to investigate the assault and threats in order to force Petitioner to plead guilty (Court File No. 1, ground four; Court File No. 2, p. iii);

(7) Counsel did not adequately explain to the Court at sentencing Petitioner's concerns regarding his guilty plea being induced by the confidential informant's assaults and threats (Court File No. 2, p. iii);

(8) Counsel did not investigate why Petitioner was intentionally housed in the same area as the confidential informant (Court File No. 2, p. iii);

(9) Counsel advised Petitioner to enter a guilty plea while knowing the Petitioner's decision to plead guilty was induced by violence and threats from the confidential informant (Court File No. 2, p. 3); and

(10) Counsel did not raise an *Apprendi* issue (Court File No. 3, pp. 3-8).

The Sixth Amendment provides, in pertinent part, "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defense." U.S. Const. amend. VI. A defendant has a Sixth Amendment right not just to counsel, but to "reasonably effective assistance" of counsel. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064, 80 L. Ed. 2d 674 (1984). In *Strickland*, the Supreme Court set forth a two-pronged test for evaluating claims of ineffective assistance of counsel:

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. Unless a defendant makes both showings, it cannot be said that the conviction or death sentence resulted from a breakdown in the adversary process that renders the result unreliable.

466 U.S. at 687, 104 S. Ct. at 2064. As with any other claim under § 2255, the burden of proving ineffective assistance of counsel is on the petitioner. *Virgin Islands v. Nicholas*, 759 F.2d 1073, 1081 (3d Cir. 1985).

In considering the first prong of the test set forth in *Strickland*, the appropriate measure of attorney performance is "reasonableness under prevailing professional norms." *Strickland*, 466 U.S. at 688, 104 S. Ct. at 2065. A defendant asserting a claim of ineffective assistance of counsel must "identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment." *Id*. at 690, 104 S. Ct. at 2066. The evaluation of the objective reasonableness of counsel's performance must be made "from counsel's perspective at the time of the alleged error and in light of all the circumstances, and the standard of review is highly deferential." *Kimmelman v. Morrison*, 477 U.S. 365, 381, 106 S. Ct. 2574, 2586, 91 L. Ed. 2d 305 (1986).

The second prong of the *Strickland* test requires the petitioner show counsel's deficient performance prejudiced the defense. Thus, "[a]n error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment." *Strickland,* 466 U.S. at 691, 104 S. Ct. at 2066. The *Strickland* test, however, must be adjusted in cases where a defendant has pled guilty instead of being found guilty after a trial. *Thomas v. Foltz,* 818 F.2d 476, 480 (6th Cir.), *cert. denied,* 484 U.S. 870 (1987). To successfully challenge a guilty plea on the ground of ineffective assistance of counsel, Petitioner must show a reasonable probability that, but for counsel's errors, Petitioner would not have pleaded guilty and would have insisted on going to trial. *Hill v. Lockhart*, 474 U.S. 52 (1985); *Nagi v. United States*, 90 F.3d 130, 134 (6th Cir. 1996), *cert. denied*, 519 U.S. 1132 (1997); *O'Hara v.*

8

*Wigginton*, 24 F.3d 823, 828 (6th Cir. 1994); *Sullivan v. United States*, 11 F.3d 573, 576 (6th Cir. 1993); *United States v. Smith*, 981 F.2d 887, 894 (6th Cir. 1992).

The *Strickland* Court further held both prongs must be established in order to meet the claimant's burden, and if either prong is not satisfied the claim must be rejected, stating:

> Although we have discussed the performance component of an ineffectiveness claim prior to the prejudice component, there is no reason for a court deciding an ineffective assistance claim to approach the inquiry in the same order or even to address both components of the inquiry if the defendant makes an insufficient showing on one . . . . If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed. Courts should strive to ensure that ineffectiveness claims not become so burdensome to defense counsel that the entire criminal justice system suffers as a result.

*Strickland*, 466 U.S. at 697, 104 S. Ct. at 2069.

### A. Motion to Suppress

Petitioner first argues he was denied effective assistance of counsel because LaLumia did not file a motion to suppress evidence obtained from Petitioner's residence pursuant to the anticipatory search warrant. The Court disagrees. Assuming all the evidence obtained pursuant to the anticipatory search warrant was suppressed, Petitioner would still face a mandatory life sentence. Prior to the execution of the search warrant, Petitioner sold crack to a confidential informant. This undercover buy was the basis for the charge against Petitioner for distributing fifty grams or more of crack cocaine in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A). Since Petitioner had four prior felony drug offenses, the Government filed a notice of intent to use the prior convictions to enhance punishment pursuant to 21 U.S.C. § 851. This subjected Petitioner to a mandatory life sentence regardless of whether the evidence seized as a result of the search warrant was suppressed. *See* 21 U.S.C. § 841(b)(1)(A). Thus, it is clear Petitioner was not prejudiced by LaLumia's failure

9

to file a motion to suppress. Accordingly, the Court will **DENY** Petitioner's motion based on this ground.

### B. Altercation with Confidential Informant

Eight of Petitioner's ineffective assistance of counsel claims center around the altercation Petitioner had with the confidential informant. Petitioner contends his guilty plea was entered into involuntarily because the confidential informant attacked him and threatened Petitioner and his family. However, the alleged attack and threats happened one day *after* Petitioner entered into a guilty plea. Therefore, the Court does not see how Petitioner's guilty plea could have been entered into involuntarily. Further, at Petitioner's rearraignment he was asked by the Court, "Has anyone threatened you or forced you in any way to plead guilty" (Court File No. 35, Mar. 21, 2002 Rearraignment Transcript, p. 5). Petitioner answered, "No, sir" (*Id.*). Thus, Petitioner entered his guilty plea voluntarily. Since Petitioner's plea was entered into voluntarily, LaLumia was not deficient in failing to raise the issue of voluntariness. For the same reason, Petitioner was not prejudiced by LaLumia's failure.

Similar to the above argument, Petitioner contends LaLumia was ineffective when she advised him to enter a guilty plea knowing the plea was induced by the confidential informant's violence and threats. Again, Petitioner entered into the guilty plea before the confidential informant incident took place. Therefore, LaLumia did not know of the violence or threats when she advised Petitioner to enter a guilty plea. Accordingly, LaLumia was not deficient and Petitioner was not prejudiced by LaLumia's advice.

Petitioner also argues LaLumia provided ineffective assistance of counsel (1) by not informing the Court of the altercation and/or threats immediately; (2) by telling Petitioner not to

10

inform the Court about the altercation and/or threats; and (3) by inadequately explaining the altercation and/or threats to the Court at sentencing. Taking Petitioner's allegations as true and assuming LaLumia was deficient, Petitioner has still not demonstrated he was prejudiced by LaLumia's deficiency. LaLumia explains well in her affidavit why Petitioner was not prejudiced. She states:

> The March 22, 2002 altercation was noted in the pre-sentence report and [Petitioner] was given a two-level enhancement for obstruction of justice for his involvement in the incident. Because the enhancement did not affect his guideline sentencing range, any legal or factual resolution of the assault was not necessary.

(Court File No. 7, Affidavit of Rita LaLumia, pp. 4-5). Stated another way, Petitioner was subject to a mandatory life sentence regardless of whether the incident with the confidential informant was brought to the Court's attention. Thus, the Court has no trouble in concluding LaLumia provided effective assistance of counsel even if she failed to bring the confidential informant incident to the attention of the Court earlier, told Petitioner not to tell the Court about the incident, and inadequately explained the incident to the Court at sentencing.

Petitioner argues he was provided with ineffective assistance of counsel when LaLumia failed to investigate the assault and/or threats in an attempt to force Petitioner to plead guilty. The Court is puzzled by Petitioner's argument. Even if LaLumia failed to investigate the incident with the confidential informant, her failure is wholly unrelated to her advice to Petitioner to enter a guilty plea. The guilty plea was entered before the incident with the confidential informant took place. Thus, LaLumia did not attempt to force Petitioner to plead guilty by failing to investigate the incident with the confidential informant. Further, assuming LaLumia failed to investigate the incident with the confidential informant, such a failure was reasonable because the incident did not impact Petitioner's sentence. For the same reason, Petitioner was not prejudiced by LaLumia's

11

alleged failure.

Lastly, Petitioner argues LaLumia provided ineffective assistance of counsel because she did not investigate why Petitioner was intentionally housed in the same area as the confidential informant. This claim also fails because Petitioner does not demonstrate how LaLumia's failure prejudiced him. Even if LaLumia discovered Petitioner was intentionally housed in the same area as the confidential informant it would not have changed Petitioners conviction or sentence. Therefore, LaLumia provided effective assistance of counsel even if she did not investigate why Petitioner was intentionally housed in the same area as the confidential informant.

In light of the above, the Court will **DENY** each ineffective assistance of counsel claim related to Petitioner's altercation with the confidential informant.[7]

### C. *Apprendi*

Petitioner argues his counsel was ineffective because no *Apprendi* objection was made. In *Apprendi v. New Jersey*, 530 U.S. 466 (2000), the Supreme Court held facts other than prior convictions which operate to increase the penalty for a crime beyond the statutory maximum must be included in the indictment and proven beyond a reasonable doubt. *Id*. at 490. Petitioner avers *Apprendi* applies to his case because the drug quantity amount in Count One of the superseding indictment was not determined by a jury. Petitioner is mistaken. When a defendant pleads guilty to an indictment that specifies the amount of drugs, *Apprendi* is not applicable. *United States v. Leachman*, 309 F.3d 377, 384 (6th Cir. 2002). Here, the superseding indictment specifically alleged Petitioner distributed fifty grams or more of a mixture and substance containing cocaine base in

---

[7] Ineffective assistance of counsel claims (2)-(9) relate to Petitioner's altercation with the confidential informant.

violation of 21 U.S.C. §§ 841(a) and 841(b)(1)(A). Therefore, Petitioner's *Apprendi* argument fails. Moreover, *Apprendi* does not apply to statutory minimum sentences. *Id.* at 382-83 (citing *Harris v. United States*, 536 U.S. 545 (2002)). Petitioner's life sentence was a statutory minimum sentence under 21 U.S.C. § 841(b)(1)(A). Therefore, *Apprendi* does not apply to Petitioner's § 841(b)(1)(A) conviction. Accordingly, the Court will **DENY** Petitioner's request for relief based on an alleged *Apprendi* violation.

## III.  CONCLUSION

For the reasons stated above, the Court holds Petitioner's conviction and sentencing were not in violation of the Constitution or laws of the United States, and the motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 will be **DENIED**.

The Court must now consider issues that may arise if Petitioner files a notice of appeal. Section 2253(a) requires the district court to evaluate the appealability of its decision denying a § 2255 motion.[8] Section 2255 now incorporates the old habeas procedure of issuing or denying a certificate of probable cause, now renamed a certificate of appealability. No § 2255 petitioner may appeal without this certificate. District judges may issue certificates of appealability under the Antiterrorism and Effective Death Penalty Act ("AEDPA"), which codifies the standard for issuing

---

[8] The Prison Litigation Reform Act of 1995 ("PLRA"), 28 U.S.C. § 1915(a)(3), does not apply to appeals of orders denying § 2255 motions. *Hereford v. United States*, 117 F.3d 949, 951 (6th Cir. 1997); *cf. McGore v. Wrigglesworth*, 114 F.3d 601, 610 (6th Cir. 1997) (instructing courts regarding proper PLRA procedures in prisoner civil-rights cases). Rather, to seek leave to appeal *in forma pauperis* in a § 2255 case, and thereby avoid the $105 filing fee required by 28 U.S.C. §§ 1913 and 1917, the prisoner must seek permission from the district court under Rule 24(a) of the Federal Rules of Appellate Procedure. *Hereford*, 117 F.3d at 952. If the motion is denied, the prisoner may renew the motion in the appellate court.

a certificate of probable cause originally articulated in *Barefoot v. Estelle*, 463 U.S. 880, 893, 103 S. Ct. 3383, 77 L. Ed. 2d 1090 (1983). *See Lyons v. Ohio Adult Parole Auth.*, 105 F.3d 1063, 1073 (6th Cir. 1997). "A certificate of probable cause requires petitioner to make a 'substantial showing of the denial of [a] federal right.'" *Barefoot*, 463 U.S. at 893, 103 S. Ct. at 3394. *See also* 28 U.S.C. § 2253(c)(2). The standard is perhaps best phrased as follows:

> In requiring a "question of some substance," or a "substantial showing of the denial of [a] federal right," obviously the petitioner need not show that he should prevail on the merits. He has already failed in that endeavor. Rather, he must demonstrate that the issues are debatable among jurists of reason; that a court could resolve the issues [in a different manner]; or that the questions are "adequate to deserve encouragement to proceed further."

*Gordon v. Willis*, 516 F. Supp. 911, 913 (N.D. Ga. 1980) (quoting *United States ex rel. Jones v. Richmond*, 245 F.2d 234 (2d Cir.), *cert. denied*, 355 U.S. 846, 78 S. Ct. 71, 2 L. Ed. 2d 56 (1957)).

In this case, Petitioner's claims are clearly without merit, and he cannot present a question of some substance about which reasonable jurists could differ. The Court therefore **DENIES** a certificate of appealability.

Fed. R. App. P. 24(a) further requires the district court to certify in writing whether the appeal is taken in good faith. For the same reasons the Court denies a certificate of appealability, the Court determines that any appeal in this case would not be taken in good faith. It is therefore **CERTIFIED**, pursuant to Fed. R.App. P. 24(a), that any appeal in this matter by Petitioner is not taken in good faith, and he may not proceed on appeal *in forma pauperis*. *United States v. Atkins*, 171 F. Supp. 2d 769 (W.D. Tenn. 2001). No certificate of appealability will issue as Petitioner has not made a substantial showing of the denial of a constitutional right as required by 28 U.S.C. § 2253(c).

An Order shall enter.

/s/
**CURTIS L. COLLIER**
**CHIEF UNITED STATES DISTRICT JUDGE**